UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>  vs.<br><br>PREFERRED SAFETY, LLC,<br>1210 Johnson Blvd., Suite #5<br>Murray, KY 42071<br><br>c/o Statutory Agent:<br>Derrick Dooms<br>715 A SOUTH 12TH<br>Murray, KY 42071<br><br>   Defendant. | Civil Action No. 5:19-cv-48-TBR<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>*ELECTRONICALLY FILED* |

Plaintiff, MASSACHUSETTS BAY INSURANCE COMPANY, by its attorneys, LEWIS BRISBOIS BISGAARD & SMITH, LLP, files this Complaint for Declaratory Judgment against Defendant, PREFERRED SAFETY, LLC, and will respectfully show the Court the following:

## I. NATURE OF ACTION

1. This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Massachusetts Bay Insurance Company seeks a determination of the parties' rights and obligations under liability insurance policies issued to Preferred Safety, LLC ("Preferred Safety") with respect to claims asserted against it arising from an underlying personal injury action.

## II. PARTIES

2. Plaintiff Massachusetts Bay Insurance Company is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653.

1

3. Defendant Preferred Safety is a private company formed under the laws of the State of Kentucky, with its principal place of business in Paris, Tennessee.

## III. JURISDICTION AND VENUE

4. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5. An actual justiciable controversy exists between plaintiff Massachusetts Bay Insurance Company and the defendant Preferred Safety within the meaning of 28 U.S.C. § 2201 regarding insurance coverage provided under liability policies that Massachusetts Bay Insurance Company issued to Preferred Safety.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds the requisite sum of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.  In particular, there is complete diversity of citizenship between the plaintiff Massachusetts Bay Insurance Company and the defendant Preferred Safety .

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because Preferred Safety is incorporated in Kentucky and the Massachusetts Bay Insurance Company 2017 and 2018 Bussinessowners' policies issued to Preferred Safety each contain Kentucky specific Endorsements and Kentucky surcharges and assessments are included in the premium for the policies.

## IV. GENERAL ALLEGATIONS

8. On February 15, 2019, Collin Sallee ("Sallee") filed a Second Amended Complaint (the "Complaint") in a personal injury action pending under number 49D01-1811-CT-04439 in the Marion County Superior Court in Marion County, Indiana against Preferred Safety Indiana Bridge, Inc. ("Indiana Bridge"), Toyota Motor Engineering & Manufacturing North America, Inc.

("TMEM") and Devon Industrial Group, LLC ("Devon") (the "Underlying Action").  A true and correct copy of the Second Amended Complaint is attached hereto as **Exhibit A**.

9. The Complaint alleges that on or about June 13, 2018, TMEM operated, managed and maintained a construction project at the Toyota facility in or near Princeton, Indiana and retained Devon as the general contractor for the project.

10. The Complaint alleges that Preferred Safety, LLC of Paris, Tennessee ("Preferred Safety") was engaged as a safety consultant for the structural steel work, including on-site steel erection.

11. The Complaint alleges that Indiana Bridge was the steel contractor for the project and engaged to plan, design, fabricate, supply and deliver the structural steel and all of its component parts and appurtenances to the site for construction of the facility.

12. The Complaint alleges that Devon retained Midwest Steel, Inc. ("Midwest") to perform work on the construction of the addition to the facility, including erection of structural steel.

13. The Complaint alleges that Sallee was Midwest's employee and servant and, at all relevant times, was working within the scope of his duties as an ironworker on the erection of the structural steel for the addition to the facility.

14. The Complaint alleges that the erection plans provided that the steel members would include double connections, whereby two structural steel beams are connected on opposite sides of a column using common connection holes in the column.

15. The Complaint alleges that on June 13, 2018, the beam on which Sallee was working collapsed and he fell approximately 40 feet to the ground, thereby causing him serious and permanent injuries.

16. The Complaint alleges that the underlying Defendants each knew about risks of steel collapse during the process of double connections.

17. The Complaint alleges that the underlying Defendants each were aware of and had approved wind bracing and/or wind columns at various locations at the above facility as part of a pre-construction planning process.

18. The Complaint alleges that the underlying Defendants directed and instructed Midwest not to erect wind bracing and/or wind columns at the location of the beam on which Sallee was situated for performing the double connection at the time of the fall.

19. Count I of the Complaint alleges a cause of action for negligence against Indiana Bridge for breach of its duty in connection with the plan, design, fabrication, supply and delivery of the structural steel.

20. Count I of the Complaint alleges that Preferred Safety was retained as a safety consultant for the work, property and persons on the site, including during steel erection.

21. Count I of the Complaint alleges that James Hresko was Preferred Safety's employee and agent and that he observed and was present during the steel erection at the above facility including at the time of the incident.

22. Count I of the Complaint alleges that Preferred Safety's agents had a duty to exercise reasonable care in the observation of the construction, and in advising the contractors and subcontractors regarding safety of the work, property and persons on the site including during the steel erection process.

23. Count I of the Complaint alleges that Preferred Safety retained control and safety of the work, including that of employees and subcontractors.

24. Count I of the Complaint alleges that Preferred Safety had a duty to exercise reasonable care in the control and safety of the work and to provide a safe place to work to avoid injury to workers at the site, including employees of Midwest, namely Sallee.

25. Count II of the Complaint alleges that Preferred Safety was negligent in one or more of the following wrongful acts:

 a. Carelessly and negligently approved double connection erection plans without vertical stabilizer plates;

 b. Carelessly and negligently approved steel erection plans of double connections without providing bracing for the subject beam spanning the two adjacent columns so as to prevent the beam from falling during the double connection process;

 c. Carelessly and negligently failed to advise contractors, subcontractors, owners and employees of the need for wind bracing in the area where plaintiff was injured;

 d. Carelessly and negligently failed to advise the employer and prime contractor of the danger to plaintiff of a double connection at a column without requiring at least one bolt with a wrench tight nut to remain connected at all times to prevent the connecting member from being displaced from the column;

 e. Failed to advise the contractor, subcontractor, and employees, to require a seat or equivalent device to support the steel member during the double connection process;

 f. Failed to advise and/or require the steel fabricator to include a seat under the beam to specifically prevent it from falling during the double connection process.

 g. Failed to advise and/or train the plaintiff regarding the specific safety precautions to be taken during the double connection being made in the area of his fall.

 h. Failed to advise plaintiff, the contractor, subcontractor and employees of the need for a man lift to support plaintiff during the double connection.

 i. Failure to advise the contractor, subcontractor and others of the need to provide a critical lift plan for the double connection process.

 j. Failed to advise of the need to provide an adequate prime/sub steel erection plan.

26. Count II of the Complaint alleges that as a direct and proximate result of one or more of the aforesaid negligent acts or omissions by Preferred Safety caused Sallee to fall 40 feet to the ground, thereby rendering him a paraplegic.

27. Counts III and IV allege claims of negligence against TMEM and Devon, respectively.

28. The claim was made against Preferred Safety on or about December 3, 2018, and Preferred Safety notified Massachusetts Bay Insurance Company of the Underlying Action on February 27, 2019.

29. On April 1, 2019, Massachusetts Bay Insurance Company advised Preferred Safety that it would defend Preferred Safety under a reservation of rights under the Businessowners Policy No. 0DF-D416536-00 ("2017 BOP") issued to Preferred Safety, LLC for the period of November 13, 2017 to November 13, 2018, and under Businessowners Policy No. number 0DF-D416536-01 ("2018 BOP ") issued to Preferred Safety, LLC for the period of November 13, 2018 to November 13, 2019, which includes a Miscellaneous Professional Liability Endorsement ("2018 MPL Endorsement"). A true and correct copy of Massachusetts Bay Insurance Company 's reservation of rights letter is attached hereto as **Exhibit B**.

30. An actual controversy exists between Massachusetts Bay Insurance Company and Preferred Safety, and by the terms and provisions of Fed.R.Civ.P. 57 and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto under the liability policies discussed further herein and to grant such relief as it deems necessary and proper.

### III.  THE POLICIES

31. Massachusetts Bay Insurance Company issued a Businessowners Policy to Preferred Safety, LLC for the period of November 13, 2017 to November 13, 2018 under number 0DF-D416536-00 (the "2017 BOP Policy").  The relevant provisions of the 2017 BOP Policy are set forth in Count I, and a true and correct copy is attached hereto as **Exhibit C**.

32. Effective September 12, 2018, the 2017 BOP Policy was amended to include a Commercial Umbrella Policy, which has a term of September 12, 2018 to November 13, 2018 (the "Umbrella Policy").  The relevant provisions of the Umbrella Policy are set forth in Count II, and a true and correct copy is attached hereto as **Exhibit D**.

33. Massachusetts Bay Insurance Company issued the 2018 BOP policy No. 0DF-D416536-01 to Preferred Safety, LLC for the period of November 13, 2018 to November 13, 2019, which includes a Miscellaneous Professional Liability Endorsement (the "2018 MPL Endorsement").  The relevant provisions of the 2018 BOP Policy MPL Endorsement are set forth in Count III and a the true and correct copy is attached hereto as **Exhibit E**.

### VI.  CAUSES OF ACTION

#### COUNT ONE

**2017 BOP Policy Excludes Coverage For Professional Services**

34. Massachusetts Bay Insurance Company hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

35. The 2017 BOP Policy's insuring agreement extends coverage for "those sums the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking

those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for 'bodily injury' . . . to which this insurance does not apply."

36. The covered "bodily injury" must be caused by an "occurrence", which the 2017 BOP Policy defines as an "accident."

37. The 2017 BOP Policy excludes coverage for professional services and provides that:

**1. Applicable To Business Liability Coverage**

This insurance does not apply to: ***

**j. Professional Services**

"Bodily injury", "property damage", "personal and advertising injury" caused by the rendering of or failure to render any professional service, advice or instruction:
(1) By you; or
(2) On your behalf; or
(3) From whom any of you assumed liability by reason of a contract or agreement, regardless of whether any such service, advice or instruction is ordinary to any insured's profession.

Professional services include but are not limited to: ***

(4) Legal, accounting or advertising services, notary, title abstract, tax preparation, real estate, stockbroker, publishing, architects or insurance services;
(5) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
(6) Supervisory, inspection or engineering services;
***
(13) Management, Human Resource, Testing, Media or Public Relations consulting services.

This exclusion applies even if a claim alleges negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" . . . involved the rendering of or failure to render any professional service.

38. The Complaint alleges bodily injury caused by the rendering or failure to render professional services by Preferred Safety as a safety consultant for the structural steel work at the site, including on-site steel erection.

8

39. The Complaint alleges that Preferred Safety's employee and agent, James Hresko, was present and observed the steel erection, including at the time of the incident.

40. The Complaint alleges that Sallee's injuries were caused by Preferred Safety, or those acting on behalf, in rendering or failure to render professional service, advice or instruction, as set forth in the Complaint and enumerated above.

41. The Complaint alleges that Preferred Safety owed duties, which it breached, arising out of its specialized knowledge and skill regarding safety and skill.

42. The 2017 BOP Policy excludes bodily injury coverage caused by the rendering of or failure to render any professional service, advice or instruction.

**WHEREFORE**, Massachusetts Bay Insurance Company prays that this Honorable Court enter judgment in its favor and against the defendant and: (1) declare that Massachusetts Bay Insurance Company has no duty to defend or indemnify Preferred Safety in the Underlying Action under the 2017 BOP Policy; (2) grant Massachusetts Bay Insurance Company a reimbursement of any costs and expenses incurred in the defense of the defendant on this claim, and (3) grant Massachusetts Bay Insurance Company any other and further relief that this Court deems just and proper.

### COUNT TWO

### The Umbrella Policy Incepted After the Date of the Occurrence

43. Massachusetts Bay Insurance Company hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

44. The Umbrella Policy provides extends coverage for "the 'ultimate net loss' in excess of the 'retained limit" because of "bodily injury" . . . to which [the] insurance applies."

9

45. The Umbrella Policy applies to "bodily injury" that "occurs during the policy period[.]"

46. The Umbrella Policy incepted on September 12, 2018 and was in place until November 13, 2018.

47. The bodily injury alleged occurred on June 13, 2018.

48. The bodily injury did not occur during the policy period of the Umbrella Policy.

**WHEREFORE**, Massachusetts Bay Insurance Company prays that this Honorable Court enter judgment in its favor and against defendant and: (1) declare that Massachusetts Bay Insurance Company has no duty to defend or indemnify Preferred Safety in the Underlying Action under the Umbrella Policy; and (2) grant Massachusetts Bay Insurance Company any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

## COUNT THREE

### The Umbrella Policy Excludes Coverage For Professional Services

49. Massachusetts Bay Insurance Company hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

50. The Umbrella Policy excludes coverage for professional services and provides that:

**2. Exclusions**
This insurance does not apply to:***

  **s. Professional Services**

    "Bodily injury" or "property damage" due to rendering or failure to render any professional service. This includes but is not limited to:

    (1) Legal, accounting or advertising services;
    (2) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifica-

        tions by any architect, engineer or surveyor performing services on a project on which you serve as construction manager;

(3) Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager;

(4) Engineering services, including related supervisory or inspection services;

    51.    The Complaint alleges that Preferred Safety was engaged in its professional capacity as safety consultant for the structural steel work for the work, property on site, including on-site steel erection.

    52.    The Complaint alleges that Preferred Safety's employee and agent, James Hresko, was present and observed the steel erection, including at the time of the incident.

    53.    The Complaint alleges that Sallee's injuries were caused by Preferred Safety, or those acting on behalf, in rendering or failure to render professional service, advice or instruction, as set forth in the Complaint and enumerated above.

    54.    The Complaint alleges that Preferred Safety owed duties, which it breached, arising out of its specialized knowledge and skill regarding safety and skill.

    55.    The Umbrella Policy excludes bodily injury coverage caused by the rendering of or failure to render any professional service, advice or instruction.

**WHEREFORE**, Massachusetts Bay Insurance Company prays that this Honorable Court enter judgment in its favor and against defendant and: (1) declare that Massachusetts Bay Insurance Company has no duty to defend or indemnify Preferred Safety in the Underlying Action under the Umbrella Policy; and (2) grant Massachusetts Bay Insurance Company any other and further relief that this Court deems just and proper, including attorney's fees and costs to the extent permitted by law.

## COUNT FOUR

### The 2018 BOP MPL Endorsement Excludes Coverage for Bodily Injury

56.     Massachusetts Bay Insurance Company hereby incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

57.     The 2018 BOP Policy's MPL Endorsement insuring agreement extends coverage for "those sums the insured becomes legally obligated to pay as 'damages' and 'claim expenses' arising out of a 'wrongful act' in the rendering or failure to render a covered professional service identified in Item 1. Of the Schedule above.  We will have the right and duty to defend the insured against any 'suit' seeking those "damages".  However, we will have no duty to defend the insured against any 'suit' seeking 'damages' to which this insurance does not apply."

58.     As referenced in the insuring agreement, Item 1 of the Schedule identifies "Covered Professional Services" as "SOLELY IN YOUR PERFORMANCE AS A MANAGEMENT /BUSINESS CONSULTANT FOR OTHERS FOR A FEE."

59.     Applicable only to professional liability coverage, the 2018 MPL Endorsement excludes coverage for "bodily injury"

60.     "Bodily injury" under the 2018 MPL Endorsement is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. 'Bodily injury' includes mental anguish or other mental injury resulting from 'bodily injury.'"

61.     The 2018 MPL Endorsement excludes coverage for "bodily injury" sought in the Underlying Action.

**WHEREFORE**, Massachusetts Bay Insurance Company  prays that this Honorable Court enter judgment in its favor and against defendant and: (1) declare that Massachusetts Bay Insurance Company has no duty to defend or indemnify Preferred Safety in the Underlying Action under the

2018 BOP MPL Endorsement; and (2) declare that Massachusetts Bay Insurance Company is entitled to a reimbursement of any costs and expenses incurred in the defense of the insured on this claim; and (3) grant Massachusetts Bay Insurance Company any other and further relief that this Court deems just and proper.

                Respectfully submitted,

                /s/ Judd R. Uhl
                Judd R. Uhl (89578)
                Craig M. Schneider (92345)
                LEWIS BRISBOIS BISGAARD & SMITH LLP
                909 Wright's Summit Parkway, Suite 230
                Ft. Wright, KY 41011
                (859) 663-9830 / (859) 663-9829 (Fax)
                judd.uhl@lewisbrisbois.com
                craig.schneider@lewisbrisbois.com
                *Attorney for Plaintiff,*
                *Massachusetts Bay Insurance Company*

Jeffrey A. Goldwater, Esq. (to seek admission *pro hac vice*)
Darcy L. Ibach, Esq. (to seek admission *pro hac vice*)
**Lewis Brisbois Bisgaard & Smith, LLP**
550 West Adams Street, Suite 300
Chicago, IL 60661
312-345-1718
Jeffrey. Goldwater@Lewisbrisbois.com
Darcy.Ibach@Lewisbrisbois.com