UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUKY
PADUCAH DIVISION
CASE NO. 5:19-CV-00048-TBR

MASSACHUSETTS BAY INSURANCE COMPANY,

Plaintiff/Counter-Defendant

vs.

PREFERRED SAFETY, LLC,

Defendant/Counter-Plaintiff

PREFERRED SAFETY, LLC,

Third Party Plaintiff,

vs.

WHITE & ASSOCIATES INSURANCE AGENCY INC., WHITE & ASSOCIATES INSURANCE WIMBERLY AGENCY, LLC, and JOHN DYER,

Third Party Defendants

MASSACHUSETTS BAY INSURANCE COMPANY,

Plaintiff/Counter-Defendant/Cross-Plaintiff,

vs.

WHITE & ASSOCIATES INSURANCE AGENCY, INC., WHITE & ASSOCIATES INSURANCE WIMBERLEY AGENCY, LLC and JON DYER,

Third Party Defendants/Cross-Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon a Motion to Strike filed by Plaintiff/Counter-Defendant Massachusetts Bay Insurance Company ("MBIC"). [DN 27.] Defendant/Counter-Plaintiff, Preferred Safety, ("Preferred") has responded [DN 30.] MBIC has filed its reply. [DN 33.] As such, this matter is ripe for adjudication and, for the following reasons, **IT IS HEREBY ORDERED** MBIC's Motion to Strike, [DN 27], is **GRANTED**.

## I. BACKGROUND

MBIC is an insurance company located in Kentucky. [Counterclaim ¶ 3.] It issued a Businessowners Policy, No. OD5-D416536-00 ("2017 BOP Policy"), to Preferred for the period of November 13, 2017 to November 13, 2018. [Complaint ¶ 31.] As of September 12, 2018, the policy was amended to include a Commercial Umbrella Policy for the period of September 12, 2018 to November 13, 2018. [Counterclaim ¶30.] MBIC subsequently issued Businessowners Policy No. OD5-D416536-01 to Preferred for the period of November 13, 2018 to November 13, 2019 ("2018 BOP Policy"). [*Id.*] MBIC filed this action seeking declaration that it owes no duty to defend or indemnify Preferred for the suit against it. [DN 1.]

Preferred filed a Counterclaim against MBIC alleging: negligence, negligent misrepresentation, fraudulent misrepresentation and inducement, equitable estoppel and promissory estoppel.

Preferred states that White and Associates Insurance Agency, Inc., White & Associates Insurance Wimberly Agency, LLC, and Jon Dyer (collectively, "White Agency Defendants") were MBIC agents at all times relevant to the allegations. [Counterclaim ¶ 8-9.] Preferred also asserts that the White Agency Defendants had authority to solicit applications for insurance, receive applications, answer questions, and sell policies. [*Id.* at ¶11-12.]

Preferred alleges that, "while White Agency Defendants were acting within the authority as MBIC's agents", they told Preferred that the policies would cover bodily injury claims arising from Preferred's safety consulting work. [Counterclaim ¶ 23.] Preferred claims the White Agency Defendants made these statements with knowledge that Preferred's work exposed it to bodily injury claims, and knowledge that there was an open claim against Preferred. [*Id.* at ¶¶ 20-21.] Preferred seeks to recover against MBIC on a theory of vicarious liability. [*Id.* at ¶¶ 43, 53, 63, 71, 82.] Preferred sought relief in the form of punitive damages, and attorney's fees and costs. *Id.* at 32.]

MBIC filed this motion seeking to strike the prayer for punitive damages and attorney's fees. Preferred has withdrawn its prayer for attorney fees so the Court will only address its request for punitive damages. [DN 30 at 2.]

## II. LEGAL STANDARD

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike portions of the pleading acting on its own initiative or "on a motion made by a party . . . before responding to the pleading." *Id.* Courts are given considerable discretion in deciding whether to strike portions of pleadings under 12(f). *See id.*; *see also Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). However, "the action of striking a pleading should be used sparingly by the courts." *Anderson v. United States,* 39 Fed. Appx. 132, 135 (6th Cir. 2002) (quoting *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)). It is only to be used "when required for the purposes of justice and the pleading to be stricken has no possible relation to the controversy." *Id.* "The function of the motion is to avoid the

expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.,* 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986). "A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Nat'l Inst. For Strategic Tech. Acquisition & Commercialization v. Nissan of N. Am.,* 2012 U.S. Dist. LEXIS 117941 * 12 (E.D. Mich. Aug. 21, 2012).

### III. DISCUSSION

MBIC asserts Preferred has not pled any facts to support an award of punitive damages. In support, MBIC has citied case law and a statute that requires proof the employer/principal either authorized, ratified, or should have anticipated the conduct in question before punitive damages are assessed. KRS 411.184(3); *Saint Joseph Healthcare, Inc. v. Thomas,* 487 S.W.3d 864, 873 (Ky. 2016). In response, Preferred argues it has met the notice requirements imposed by Federal Rule of Civil Procedure 8. Preferred further asserts that the repeated statement in the Counterclaim— "all of the foregoing occurred while MBIC agents White Agency Defendants were acting within the authority as MBIC's agent(s) and/or affiliates"—puts MBIC "on notice" of the claims against it. The Court will first discuss the pleading requirements of Rule 8.

**A. F.R.C.P 8**

F.R.C.P 8(a) states:

(a) **Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Preferred cites case law supporting its position that only notice pleading is required. However, this case law is all prior to the Supreme Court's decisions in *Twombly* and *Iqbal*. Both *Twombly* and *Iqbal* clarified the requirements for the pleading stage. In *Twombly* the Court stated, "the plain statement [must] possess enough heft to show that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007). The Court further stated, "[a]sking for plausible grounds…does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence". *Id.* at 556.

This standard does not require "detailed factual allegations" but does call for "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). However, "[a] complaint falls short…if the alleged facts do not permit the court to infer more than the mere possibility of misconduct." *Francis v. Armstrong Coal Reserves, Inc.,* No. 4:11-CV-00077-JHM, 2012 U.S. Dist. LEXIS 30229, at *5 (W.D. Ky. Mar. 6, 2012) (internal quotations omitted). Therefore, more than mere notice is required, and some facts must be pled.

**B.  Respondeat Superior**

As previously stated, KRS 411,184(3) prohibits the recovery of punitive damages against an employer for conduct of the employee unless the conduct was: authorized, anticipated, or ratified by the employer. Preferred argues that the above-mentioned repeated statement gives

notice that the pleaded actions occurred with MBIC's "approval and blessing as they were done within the scope of the agency." [DN 30 at 5.] The Court disagrees.

Authorization "connotes pre-approval of the conduct." *Univ. Med. Ctr., Inc. v. Beglin,* 375 S.W.3d 783, 793 (Ky. 2011). In order to survive the motion to strike on a theory of authorization, Preferred must assert some facts indicating MBIC gave its approval. Preferred simply alleges the actions took place within the scope of the agency and therefore indicates approval. However, simply because something occurred during the scope of an agency relationship does not give inference that there was authorization. Without more facts, the Court cannot infer authorization.

When proceeding on a theory of anticipation, "Kentucky courts…have authorized punitive damages only when the employer was aware that the employee had previously engaged in similar unacceptable behavior". *Griffey v. Adams,* 2018 U.S. Dist. LEXIS 105680, at *8 (W.D. Ky. June 22, 2018). The employer need not "anticipate the exact manner in which an employee or agent commits a tortious act." *Id.* Here, Preferred has not alleged any facts indicating MBIC should have known its agents would commit any of the alleged actions. Preferred has not pled any facts to support punitive damages on a theory of anticipation.

Ratification is "the after the fact approval of conduct". *Griffey,* 2018 U.S. Dist. LEXIS 105680, at *7. It may be implied by the conduct of the employer. *Id.* However, it "requires both 1) an after-the-fact awareness of the conduct; and 2) an intent to ratify it." *Id.* at *8. Preferred does not assert any facts that allege MBIC knew about the alleged conduct. It only provides a conclusory statement that the actions occurred within the scope of the agency. As stated above, the fact that the alleged actions occurred during the scope of the agency does not equate to authorization, or ratification. Preferred must allege something more to prove MBIC ratified the conduct.

## IV.　CONCLUSION

Preferred has not alleged enough facts consistent with the pleading requirements of Rule 8(a) explained by *Twombly* and *Iqbal*.  Therefore, **IT IS HEREBY ORDERED** that:

    1.)  MBIC's Motion to Strike [DN 27] is **GRANTED**; and

    2.)  Preferred's request for punitive damages is stricken.


**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 8, 2019

cc:  counsel